UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAWN LIVINGSTON, | ) | CASE NO. 1:18-CV-0482 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. No. 22 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of her application for Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(i), 423, 1381, *et seq.* (the "Act"). Plaintiff Dawn Livingston ("Livingston") filed objections to the R&R (Doc. No. 23 ("Obj.")) and defendant filed a response to the objections (Doc. No. 25 ("Resp.")[1]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts the R&R, and dismisses this case.

**I.     BACKGROUND**

Livingston filed her application for DIB on February 27, 2015. (Doc. No. 13 (Transcript ["Tr."]) 216–21.) As of her alleged disability onset date of January 6, 2014, she was 45 years old. (Tr. 85.) She had a bachelor's degree in English and her past relevant work included work as a file clerk and as a researcher. (Doc. No. 15-2 at 1069.)

---

[1] Defendant's response adds nothing to the analysis, as it merely "stands on the merits of [defendant's] brief[.]" (Resp. at 1139.) [All page number references herein are to the page identification number generated by the Court's electronic docketing system.]

After Livingston's DIB application was denied initially and upon reconsideration, she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* 129–42; 144–56; 178.) The hearing was conducted on January 24, 2017; plaintiff appeared and was represented by counsel. The hearing transcript is in the record. (*Id*. 97–128.) On April 25, 2017, the ALJ issued his decision, determining that Livingston was not disabled under the Act. (*Id.* 69–91.)

Livingston timely filed the instant action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review. Represented by counsel, Livingston filed a brief on the merits (Doc. No. 15 ("Pl. Br.")), defendant filed a response brief on the merits (Doc. No. 18 ("Def. Br.")), and Livingston filed a reply (Doc. No. 19 ("Reply")).

On December 21, 2018, Magistrate Judge Baughman issued his R&R, recommending that defendant's decision be affirmed because substantial evidence supported the ALJ's finding of no disability.

## II.     DISCUSSION

### A.     Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

**B.    Analysis**

Livingston's objections focus on the R&R's discussion and conclusions regarding the ALJ's determination that she does not meet or equal Listing 12.10 (Autism Spectrum Disorder) and on the ALJ's failure to cite specific record evidence in support of the weight he assigned to the opinion of her treating physician, Dr. Maksimowski.

**1.  Objection 1 - Use of Incorrect Factors for Listing 12.10**

Autism spectrum disorders are characterized by:

> qualitative deficits in the development of reciprocal social interaction, verbal and nonverbal communication skills, and symbolic or imaginative activity; restricted repetitive and stereotyped patterns of behavior, interests, and activities; and stagnation of development or loss of acquired skills early in life. Symptoms and signs may include, but are not limited to, abnormalities and unevenness in the

3

development of cognitive skills; unusual responses to sensory stimuli; and behavioral difficulties, including hyperactivity, short attention span, impulsivity, aggressiveness, or self-injurious actions.

20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.10.

Autism Spectrum Disorder in Listing 12.10 is satisfied by meeting both A and B below:

A. Medical documentation of <u>both</u> of the following:
1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
2. Significantly restricted, repetitive patterns of behavior, interests, or activities.

AND

B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4).

(R&R at 1129 (citation omitted).) When addressing Listing 12.10, the ALJ stated as follows:

As to her autism spectrum disorder, the record shows that her condition is only mild (Ex. 7F/3, 13). The record shows that the claimant has never had any type of treatment or intervention related to an autism spectrum disorder (Ex. 5F/11 ). A consultative examiner observed that when the claimant provides descriptions of what she feels is an autism disorder it suggests that she has some insight related to her strengths and weaknesses in learning (Ex. 5F/11). For example, she stated that she knows she will learn better if instructions are demonstrated as opposed to spoken (Ex. 5F/11). Moreover, the consultative examiner noted that the claimant describes symptoms related to anxiety, which are not consistent with an autism disorder (Ex. 5F/11). Similarly, despite evidence of difficulty concentrating, the medical record does not support evidence of marginal adjustment and minimal capacity to adapt to changes in environment or to demands that are not already part of daily life. **More specifically, the record is devoid of the following: significant memory loss; disorientation; significant oddities of thought; frequent illogical thinking; pervasive loss of interest in things; and hostility and irritability.** Additionally, in terms of the claimant's mental functioning, there is no substantial evidence that the claimant lacks knowledge of standards of neatness and decorum or shows significant signs of tangential/circumstantial thought, loose associations, homicidal ideation, excessive paranoia, or excessive hallucinations or delusions.

(Tr. 81 (emphasis in bold added).)

Livingston asserts that "[t]he ALJ's Listing 12.10 analysis was rendered ineffectual at best by his use of incorrect factors such as hostility, significant memory loss, disorientation, and irritability." (Obj. at 1135 (citing Tr. 20)[2].) She asserts that "[t]he Magistrate fails to address this critical error in his [R&R][,]" (*id.*), despite the fact that she raised it in her brief on the merits (*see* Doc. No. 15 ("Pl. Brief") at 1045), and again in her reply brief (*see* Doc. No. 19 ("Reply") at 1109).[3] Livingston claims, in any event, that the record does show she struggles with irritability. (Pl. Brief at 1045 (citations omitted).) As a result of the magistrate judge's error, Livingston argues that she is entitled to either an award of benefits or a remand for proper consideration of this listing.

It is unclear to the Court why the ALJ pointed to the criteria that are in bold text in the quotation above addressing autism spectrum disorder. These criteria are not contained in the relevant regulation. The criteria are more akin to the paragraph C criteria that are an alternative to paragraph B for some other listings under which Livingston was assessed, in particular Listings 12.04 and 12.06. That said (and as noted by the R&R), the ALJ's decision does separately address all the paragraph B criteria and finds, based on substantial record evidence cited by the ALJ, that Livingston's mental impairments do not result in either one extreme limitation or two marked limitations, as required to satisfy paragraph B of Listing 12.10. Therefore, even if the ALJ had improperly applied paragraph C criteria to his analysis of Listing 12.10, that error was harmless in view of Livingston's inability to meet the paragraph B criteria.

This objection relating to use of improper criteria is overruled.

---

[2] The Objection actually incorrectly cites Tr. 24.

[3] Livingston is correct that the R&R does not address her assertion that the ALJ included incorrect criteria.

### 2. Objection 2 - Failure to Support Weight Given Treating Physician

Livingston also objects to the R&R because it upheld the ALJ's conclusion regarding the weight given to the medical opinion of a treating source (Dr. Maksimowski) even though the ALJ failed to cite to any specific evidence to support his conclusion. (Obj. at 1135–36.)

Under *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013), the ALJ is "required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Id.* at 376 (citation omitted). "These reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.* (citation omitted).

Here, the R&R concluded that, although not citing to specific evidence, in his "unified statement[,]" "[t]he ALJ thoroughly explained the reasons for the weight assigned[]" and "cite[d] several exhibits . . . that he found inconsistent with the severity of the limitations set forth in Dr. Maksimowski's opinions." (R&R at 1130–31 (citing Tr. 19, 22).) According to the R&R, the goals of *Gayheart* were met because "[t]he ALJ recognized Dr. Maksimowski as a treating source, analyzed and discussed his opinions, and provided good reasons for the weight assigned." (R&R at 1131.)

"If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010). This test is met here. Therefore, the Court finds no error in the R&R's reasoning.

This objection is overruled.

## III. CONCLUSION

For the reasons discussed above, plaintiff's objections to the R&R are overruled. The R&R is accepted. Because the defendant's decision was supported by substantial evidence, that decision is affirmed, and this case is closed.

**IT IS SO ORDERED**.

Dated: March 5, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**